

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 14 2010

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RICHARD WALTMAN and<br>R. WALTMAN TRUCKING,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGIA-PACIFIC LLC,<br><br>Defendant. | Case No. 09-CV-0280-F |

**ORDER SETTING JURY TRIAL, FINAL PRETRIAL CONFERENCE, AND REQUIREMENTS FOR THE PROPOSED FINAL PRETRIAL ORDER**

This case having been transferred to the Honorable Nancy D. Freudenthal, it is hereby ORDERED:

***I. TRIAL DATE***: This case is set before the Honorable Judge, Nancy D. Freudenthal for a jury trial scheduled to commence in Cheyenne, Wyoming, beginning on November 29, 2010 at 1:30 p.m. in Courtroom #1.

***II. CONTINUANCE OF TRIAL OR FINAL PRETRIAL DATES***: Unless requested within fourteen days after the date of this order, no continuance of the final pretrial or trial dates will be granted except upon written application and for good cause.

***III. FINAL PRETRIAL CONFERENCE***: A final pretrial conference is scheduled before Judge Freudenthal on November 12, 2010, at 8:30 a.m. The Final Pretrial Conference will be held in person at the chambers (Room #2242) of Judge Freudenthal.

***IV. FINAL PRETRIAL ORDER***: BEFORE THE FINAL PRETRIAL CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A PROPOSED FINAL ORDER PREPARED FOR JUDGE FREUDENTHAL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. If you cannot locate the form, please contact Judge Freudenthal's chambers. All parties are jointly responsible for the preparation of the proposed Final Pretrial Order. **A copy of the proposed order must be received by Judge Freudenthal (but not filed) at wyojudgendf@wyd.uscourts.gov or by U.S. Mail at least five (5) days before the Final Pretrial Conference.**

***V. WITNESS AND EXHIBIT LISTS***: WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE. Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits. **Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.**

*VI.* *__EXHIBITS__*: COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the Final Pretrial Conference and an objection to the exhibit is asserted at the Final Pretrial Conference, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for trial in accordance with the following instructions:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No.\_\_\_\_\_, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the partes shall proceed the word "Exhibit," e.g. Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

*B. Elimination of Duplicates*. The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

*C. Copies for the Court*. Before trial, each party must supply the Court with four (4) copies of all exhibits to be used at trial. The copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

*VI. EXHIBIT LIST*: The parties' exhibit lists are to be prepared in the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
| | | | | |
| | | | | |

* This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties. The following categories are to be used for objections to exhibits:

**A.** *Category A*. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**B.** *Category B*. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**C.** *Category C*. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

**Any counsel requiring authentication of an exhibit must so notify in writing the offering counsel within five (5) business days after the exhibit is made available to opposing counsel for examination.** Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

*VII. **WITNESS LIST***: The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by videotape. Witness lists must be included as part of the proposed Final Pretrial Order in accordance with the instructions in the form order.

*VIII. **MOTIONS IN LIMINE***: All legal issues of importance, including evidentiary ones, which have not been previously resolved shall be raised by written motion on or before SEVEN (7) DAYS PRIOR TO THE FINAL PRETRIAL CONFERENCE. Responses shall be filed two (2) court days before the Final Pretrial Conference.

**The Court will not hold bench or chamber conferences during trial to consider legal issues including evidentiary rulings that could have been raised before trial without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.**

*IX. **JOINT STATEMENT***: At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every

effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**IT IS SO ORDERED.**

Dated this 14th day of October, 2010.

_____
Nancy D. Freudenthal
United States District Court Judge